ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED

JUL - 1 2015

U.S. COURT OF
FEDERAL CLAIMS

CHANDRA KANT,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     No. 15-458C
                                 )     (Judge N. Firestone)
UNITED STATES,                   )
                                 )
            Defendant.           )

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff, Chandra Kant, fails to allege any cause of action or to seek any remedy over which the Court has jurisdiction, and she fails to state a claim upon which relief can be granted. Accordingly, we respectfully request that the Court dismiss Ms. Kant's complaint.

STATEMENT OF THE ISSUES

1.     Whether the Court possesses subject matter jurisdiction to entertain the complaint because Ms. Kant fails to allege any substantive right to money damages.

2.     Whether the Court should dismiss because the complaint fails to state a claim.

STATEMENT OF THE CASE

On May 5, 2015, Ms. Kant filed a complaint against the United States claiming that the United States Postal Service (USPS) had "stole[n]" certain property belonging to her. Docket No. 1 (Compl.) at 1, ¶ 1. Specifically, Ms. Kant alleges that in July 2014, three electronic toy motorcycles that she purchased from Japan were damaged by the USPS during shipping. *Id.* After Ms. Kant allegedly notified the USPS that the goods had been damaged, she claims that the

USPS then took possession of the toy motorcycles to investigate the damage. *Id.* Ms. Kant further claims that the USPS never returned the toy motorcycles and that the items remain in a USPS warehouse. *Id.* at 1, ¶ 3. The Cover Sheet, attached to Ms. Kant's Complaint, states that the "Amount Claimed" is $664.91. *Id.* at 3.

ARGUMENT

I.    Standard Of Review

In considering a motion to dismiss for lack of jurisdiction, the Court accepts as true the complaint's well-pleaded, undisputed allegations of fact and construes the facts in the light most favorable to the plaintiff. *United States v. Ford Motor Co.*, 497 F.3d 1331, 1336 (Fed. Cir. 2013). Although *pro se* plaintiffs are given more latitude in their pleadings and held to less rigid standards or formalities imposed upon parties represented by counsel, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a *pro se* plaintiff must still "comply with the applicable rules of procedural and substantive law." *Fiebelkorn v. United States*, 76 Fed. Cl. 438, 439 (2007) (quoting *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983)). A *pro se* plaintiff must still satisfy the Court's jurisdictional requirements, *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), and bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Pursuant to RCFC 12(b)(6), a complaint may also be dismissed for "failure to state a claim upon which relief can be granted." When considering whether to dismiss an action for failure to state a claim, the court "must assess whether the complaint adequately states a claim and whether plaintiffs can allege facts plausibly suggesting (not merely consistent with) a

2

showing of entitlement to relief." *Hutchens v. United States*, 89 Fed. Cl. 553, 562 (2009) (internal citations omitted). A plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level," accepting all factual allegations in the complaint as true and "indulg[ing] all reasonable inferences in favor of the non-movant." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

II.      The Court Does Not Possess Jurisdiction To Hear Ms. Kant's Claims

The Tucker Act grants the Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 215-18 (1983). The Tucker Act, however, is only "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [it] merely confers jurisdiction upon [the Court] whenever the substantive right exists." *See United States v. Testan*, 424 U.S. 392, 398 (1976). The claims that a plaintiff asserts must be "money-mandating" to come within the jurisdiction of the Court. *Id.* at 398. A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute, or constitutional provision itself, in order for the case to proceed. *Steinberg v. United States*, 90 Fed. Cl. 435, 441-42 (2009).

Ms. Kant does not specifically allege that her claims arise under the Tucker Act, or any other statute conferring jurisdiction upon the Court, but even under the most generous reading permissible, the Court does not possess jurisdiction to entertain her complaint because she fails to identify any substantive right that would provide this Court with jurisdiction.

A. The Court Does Not Possess Jurisdiction Because Ms. Kant Claims a Tort

Although Ms. Kant's claim is not clearly set forth in the complaint, she appears to

attempt to assert a tort claim based upon the alleged damage to, and conversion of, her property.

*See* Compl. at 1 – 2 (Ms. Kant alleges that her property was damaged during shipping, and then

"stole[n]" by the USPS.).

The Tucker Act expressly excludes tort claims from the scope of this Court's jurisdiction.

28 U.S.C. § 1491(a)(1) (granting jurisdiction over certain claims "not sounding in tort"); *see also*

*Montano Electrical Contractor v. United States*, 114 Fed. Cl. 675, 681 (Fed. Cl. 2014)

("Conversely, the plain language of the Tucker Act excludes from the Court of Federal Claims

jurisdiction claims sounding in tort.") (internal quotations omitted).  Moreover, "[t]he United

States District Courts have exclusive jurisdiction to hear claims brought against the United States

under the Federal Tort Claims Act." *Treece v. United States*, 96 Fed. Cl. 226, 232 n.8 (2010) (citing

28 U.S.C. § 1346(b) (2006); *Skillo v. United States,* 68 Fed. Cl. 734, 742 (2005)).  Thus, the Court

should dismiss Ms. Kant's claim.

B. If Construed as a Takings Claim, the Court Still Does Not Possess Jurisdiction

Given that *pro se* plaintiffs are afforded more latitude in their pleadings, Ms. Kant's

complaint could liberally be construed as an effort to pursue just compensation for a taking under

the Fifth Amendment, U.S. Const. amend. V, cl. 5 (a takings claim).  Even if Ms. Kant were to

identify this action as a takings claim, the Court would still not possess jurisdiction, because Ms.

Kant has not conceded the validity of the Government action.

To bring a takings claim in the Court of Federal Claims, a plaintiff "must concede the

validity of the government action which is the basis of the taking claim...." *Lea v. United States*,

120 Fed. Cl. 440, 445 (2015) (quoting *Tabb Lakes, Ltd. v. United States,* 10 F.3d 796, 802–03

(Fed. Cir. 1993)); *accord Reg'l Rail Reorg. Act Cases,* 419 U.S. 102, 126–27 & n. 16 (1974)

("[T]he Government action must be authorized. 'The taking of private property by an officer of

the United States for public use, without being authorized, expressly or by necessary implication,

to do so by some act of Congress, is not the act of the government,' and hence recovery is not

available in the Court of Claims.").

In this litigation, Ms. Kant does not concede the validity of the purported taking of her

property.  Rather, Ms. Kant claims that the USPS took her property by improper means.  *See*

Compl. at 1 -2 (alleging that the USPS "stole" her toy motorcycles).  Accordingly, the Court

does not possess jurisdiction to consider Ms. Kant's Fifth Amendment takings claim, and the

case should be dismissed.  RCFC 12(h)(3).

III.     The Complaint Fails to State A Claim

To the extent Ms. Kant's *pro se* complaint may be attempting to assert a Fifth

Amendment takings claim, the complaint should nonetheless be dismissed because it fails to

state a claim.

To prevail in a takings claim, a plaintiff must establish 1) a legally cognizable property

interest, such as the right of possession, use, or disposal of the property, and 2) that the

Government took the claimed private property interest for public use without just compensation.

*See Carol Ann Vasko v. United States,* 112 Fed. Cl. 204, 218 (2013), citing *Adams v. United

States,* 391 F.3d 1212, 1218 (Fed. Cir. 2004).  The purpose of the Fifth Amendment provision is

to prevent the Government from "'forcing some people alone to bear public burdens which, in all

fairness and justice, should be borne by the public as a whole.'"  *Carol Ann Vasko,* 112 Fed. Cl.

at 221 (quoting *Palazzolo v. Rhode Island,* 533 U.S. 606, 618 (2001)).

Although Ms. Kant may arguably have a cognizable property interest in the purchased toy motorcycles, she fails to allege that the Government took her property for a public use. Instead, she claims that the USPS "stole" the items and is keeping the items in a warehouse. Compl. at 1, ¶ 3. Without even asserting, much less alleging facts to establish, a public use, Ms. Kant cannot state a takings claim under the Fifth Amendment.

CONCLUSION

For the reasons given above, we respectfully request that the Court dismiss the complaint because the Court does not possess subject matter jurisdiction or, alternatively, because the complaint fails to state a claim.

Respectfully submitted,

BENJAMIN C. MIZER
Principle Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

REGINALD T. BLADES, JR.
Assistant Director

ERICA A. HIXON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-7607
Facsimile: (202) 514-8640
Erica.A.Hixon@usdoj.gov

July 1, 2015                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 1ˢᵗ day of July, 2015, I caused to be

placed in the United States mail (first-class, postage prepaid), copies of "Defendant's Motion to

Dismiss Plaintiff's Complaint" as follows:

CHANDRA KANT
44288 Navajo Drive
Ashburn, VA 20147